IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1105-RGA |
| WILMINGTON ALLIANCE, | : |
| Defendant. | : |

Shantell D. Newman, New Castle, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

October 3, 2024
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Shantell D. Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on October 5, 2023, with the filing of the Complaint. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff alleges that on or about October 4, 2023, at the corner of 7th Street and Orange Street in Wilmington, Delaware: "The police used force to remove original peoples from the public park. Now to be a private park in a[n] area where the Harriett [*sic*] Tubman sign was removed by politicians to clean the area up, is what the police say. This is false advertising making the community think they are diverse. Knowing that under the Universal Declaration of Human Rights—Article 5, 4, 6— Everyone has the right to recognition everywhere as a person before the law. Article 13—very important. Everyone has the right to freedom of movement and residence within the border of each state." (D.I. 2 at 4-5.)

Plaintiff continues: "Wilmington Alliance is promoting false advertising making the community think that they have a partnership. Instead[,] I have seen the rich get rich and poor get poor. The Harriet Tubman sign was removed that has not open a space where history was. For what purpose to move out the original people from the land I am suing Wilmington Alliance for advertising a community based partnership. But using the

1

police to forcefully remove the people. I tried to get a remedy but none available." (*Id.* at 6.)

Regarding injuries, Plaintiff states there are "none." (*Id.* at 8.) Regarding relief, Plaintif states: "I want the parks and gardens in the city that are privately owned to make the community be a part of this great chance to come together or I want the park given back to the people." (*Id.*)

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

This Court lacks subject matter jurisdiction over this matter. There is no federal question jurisdiction because Plaintiff brings no federal claims, *see* 28 U.S.C. § 1331, and there is no diversity of citizenship jurisdiction because both Plaintiff and Defendant

3

are Delaware citizens, *see* 28 U.S.C. § 1332(a).  Plaintiff also lacks standing.  The Complaint reflects that Plaintiff sustained no injuries from the events alleged, and as such, the Complaint only articulates "the kind of generalized grievance" that is "common to all members of the public" without showing that Plaintiff "is in danger of suffering any particular concrete injury as a result of" the actions alleged.  *United States v. Richardson*, 418 U.S. 166, 176 77 (1974).

Accordingly, this case will be dismissed without prejudice.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice, and an appropriate Order will be entered.